IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ROBERT CHARLES GLEASON, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 7:12cv00619 |
| | ) | CAPITAL POST-CONVICTION |
| | ) | PROCEEDING |
| EDDIE L. PEARSON, | ) | |
| Warden, Sussex I State Prison, | ) | EXECUTION IMMINENT: |
| Respondent. | ) | SCHEDULED JANUARY 16, 2013 |

**MORE DEFINITE STATEMENT ON EVIDENCE
TO BE PROVIDED BY CLOSE OF BUSINESS WEDNESDAY**

By 5 p.m. Wednesday, January 9, 2013, undersigned counsel hopes and plans to provide the following evidence, and likely more, in response to this Court's rulings and statements on January 4, 2013, and in support of the motion for appointment of counsel and the undersigned's assertion that this Court should make a determination whether Mr. Gleason is currently competent to waive federal habeas review.

Affidavits from state habeas counsel:
State habeas counsel Robert Lee and Joseph Flood have represented Mr. Gleason for over six months. Together they have met with him at least twice and spoken with him on the phone over twenty times. They will provide affidavits detailing Mr. Gleason's irrational behavior and his inability to assist counsel with both his legal case and with issues that Mr. Gleason ostensibly wants help, including those detailed on the record in this Court on January 4, 2013. This includes Mr. Gleason's inability to discuss his case, stay on topic, answer basic questions, comprehend explanations of jurisdiction and deadlines, his conflicting and irrational reasons for waiver of his rights, and state habeas counsel's complete inability to do their jobs in light of Mr. Gleason's inability to cooperate on the most basic matters and his inability to follow through on actions that are for his benefit. Counsel can also provide their personal observations of symptoms that are consistent with serious mental illness including but not limited to paranoia, loose association, perseverative thought and speech, pressured speech, disordered thinking, delusional thinking, persecution, grandiosity, emotional dysregulation, severe anxiety, and hyper-vigilance.

1

Evidence from Attorney Mary Lynn Tate

Attorney Tate has visited with Mr. Gleason at Red Onion state prison and more recently in July 2012 while he was on death row. Ms. Tate will describe how Gleason appeared different to her on her visit to death row. He was very depressed and withdrawn, unlike her first visit. His body language also reflected this, as he was slumped over for most of her visit. He described himself as "miserable." She learned that he had been in isolation or solitary confinement for more than six months. He had not been outside for recreation since December 2011. The operations manager at the prison told her that he had refused to come out of his cell for past visits with others. Mr. Gleason discussed several things with attorney Tate indicating a paranoia and fear of the prison. Attorney Tate will state that Mr. Gleason thinks the prison is trying to kill him by poisoning him. Because attorney Tate represents the mother of one of Mr. Gleason's victims, she has stated that she will not sign an affidavit without a court order. She has, however, confirmed to undersigned counsel that all the above facts are true.

Evidence from trial counsel Karen Bishop

Bishop will provide evidence that from the beginning Mr. Gleason wanted the death penalty. This made no sense to her and she could never figured out why he wanted the death penalty from Mr. Gleason's stated reasons. None of his stated reasons ever made sense to attorney Bishop. Ms. Bishop will state that much of what Mr. Gleason said did not make sense and that he misunderstood so many things related to his case, including legal issues, factual issues and almost everyone's motivations. Mr. Gleason and Ms. Bishop had a falling out and he never trusted her again because he was once not transported to court because of either a mistake of the court or prison, but instead Mr. Gleason mistakenly thought she had lied to him about it. Ms. Bishop believes that this paranoid behavior and these mistaken beliefs are extremely destructive for Mr. Gleason. Ms. Bishop believes that Mr. Gleason will regret his decision and not want to be executed. Ms. Bishop has not shared her trial file with habeas counsel because she has not received a release from Bobby or a subpoena from a court.

Prison records from Sussex 1 state prison

At the time of Mr. Gleason's last competency evaluation and determination on September 19, 2011, he was incarcerated at Red Onion state prison. Shortly after that competency determination Mr. Gleason was transferred to death row at Sussex 1 state prison. The conditions on death row include solitary confinement conditions. Mr. Gleason has been in solitary confinement on death row for over a year. The records will reflect his destructive behavior contrary to his own best interests and the prison's referral of Mr. Gleason for an evaluation, as well as threats by Mr. Gleason of self-harm.

Evidence from Dr. Stuart Grassian - psychiatrist

Dr. Grassian is an expert on the psychological effects of solitary confinement and has opined that the conditions on Virginia's death row are sufficiently severe in terms of lack of

2

environmental and social stimulation that such conditions of confinement can have a profoundly deleterious effect on mental functioning.

### Affidavit from ex-wife Michelle Kemling
Describing a log history of depression and alcohol and drug abuse. Ms. Kemling describes multiple suicide threats and attempts. She also describes incidents in which Mr. Gleason appears to have dissociated. Ms. Kemling describes sexual abuse suffered by Mr. Gleason as a child. Ms. Kemling also describes other severe mental illness in Mr. Gleason's family.

### Divorce Records from Mr. Gleason's divorce from Michelle Kemling
The records note two suicide attempts shortly before the 2000 divorce.

### Affidavit from Dr. Eileen Ryan
Dr. Ryan has described her "grave concerns" regarding Mr. Gleason's competence based on her past evaluation, her more recent discussions with Mr. Gleason after her last evaluation, and more recent evidence regarding Mr. Gleason. Dr. Ryan may opine that Mr. Gleason's self-destructive tendencies and irrational behavior have intensified, his reasoning is illogical and that she has serious concerns regarding his competence. She will state that competence can change or be fleeting and requires an up-to-date evaluation depending on the evidence.

### 1998 Psychiatric Records from John Umstead Hospital, NC Division of Mental Health
These records were never provided to Dr. Hagan for his competency evaluation. The records are of Mr. Gleason's hospitalization for a suicide attempt, they contain evidence of severe alcohol abuse from a young age, suicidal ideations, a prior psychiatric admission to another hospital for two days, further prior family history of mental illness, depression and psychiatric medication. These and other records will demonstrate that Mr. Gleason's self-report to trial evaluators was not accurate.

### Affidavit from Sara Flynn, MSW, mitigation investigator
Flynn obtained some records and interviewed third-parties, including family, regarding Mr. Gleason, but was stymied in a complete investigation. Flynn will describe Mr. Gleason's irrational and self-destructive behavior, Mr. Gleason's longstanding somatic complaints including delusional descriptions of having cancer, Mr. Gleason's long history of depression and anxiety, his suicidal threats, his paranoid delusions about the police and correctional officers, and the appearance that Mr. Gleason has had several seizures.

                                                  Respectfully submitted,

                                                                                 _____/s/_____
                                                  Jonathan P. Sheldon, VSB 66726
                                                  Sheldon & Flood, PLC
                                                  10621 Jones Street, Suite 301A
                                                  Fairfax, VA 22030
                                                  (703) 691-8410
                                                  (703) 251-0757 (fax)
                                                  JSheldon@csfdefense.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF Systme, which will sned notice of such filing to the following registered CM/ECF user:

Katherine Burnett, Senior Assistant Attorney General, Office of the Attorney General, 900 East Main Street, Richmond, Virginia 23819, and KBaldwinBurnett@oag.state.va.us.

                                                  _____/s/_____
                                                  Jonathan P. Sheldon