
CLERK'S OFFICE U.S. DIST. COU
AT ROANOKE, VA
FILED

MAY 14 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT CHARLES GLEASON, JR., ) | |
| ) | Civil Action No. 7:12CV00619 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| EDDIE L. PEARSON, Warden, ) | Chief United States District Judge |
| Sussex I State Prison, ) | |
| ) | |
| Respondent. ) | |

Contrary to the directives of Robert Charles Gleason, Jr., a death row inmate, Jonathan P. Sheldon, Esq. commenced proceedings in this court by filing a motion for appointment of counsel. Citing 18 U.S.C. § 3599, Sheldon requested an order appointing himself and others to represent Gleason in any federal habeas corpus proceedings under 28 U.S.C. § 2254. By memorandum opinion and order entered January 10, 2013, the court denied the motion, holding that § 3599 does not mandate the appointment of counsel in a case in which a death row inmate expressly declines to pursue federal habeas corpus relief. The court further concluded that Sheldon failed to establish, under existing United States Supreme Court precedent, any entitlement to intervene against Gleason's wishes. The court's judgment was affirmed by the United States Court of Appeals for the Fourth Circuit, the Supreme Court denied Sheldon's subsequent application for a stay of execution, and Gleason was executed on January 16, 2013. Sheldon has now filed a "motion to appoint counsel nunc pro tunc," in which he seeks to be compensated for litigating his unsuccessful motion. The respondent opposes the motion. For the reasons that follow, the motion will be denied.

The term "nunc pro tunc," as the Fourth Circuit recently explained, "literally means 'now for then.'" Glynne v. Wilmed Healthcare, 699 F.3d 380, 383 (4th Cir. 2012) (quoting

Maksymchuk v. Frank, 987 F.2d 1072, 1075 n.2 (4th Cir. 1993)). "The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects the events that actually took place." Id. (emphasis in original). Such an order "may not be used to retroactively record an event that never occurred or to have the record reflect a fact that never existed." Id. (citing Ex parte Buskirk, 72 F. 14, 20-21 (4th Cir. 1896)). The doctrine's "narrow confines . . . are widely recognized," and "[t]he passage of time has not altered the purpose and limitations of this rarely-used device." Id.; see also Romero-Rodriguez v. Gonzales, 488 F.3d 672, 677 (5th Cir. 2007) ("Courts . . . have traditionally applied nunc pro tunc to correct limited types of errors, namely clerical or other record keeping errors."); Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir. 1999) ("As we have reminded the district courts time and again, the only proper office of a nunc pro tunc order is to correct a mistake in the records; it cannot be used to rewrite history.").

In light of the limited purpose of nunc pro tunc orders, the court concludes that Sheldon's motion must be denied. When this court concluded that there was no authority for Sheldon to intervene against Gleason's wishes and be appointed under 18 U.S.C. § 3599,* the court did not find, in contradiction of that very ruling, that Sheldon was nonetheless entitled to compensation under § 3599. Indeed, an attorney is not entitled to compensation under § 3599 unless the attorney is appointed under the statute. See 18 U.S.C. § 3599(g)(1) ("Compensation shall be paid

---

* Section 3599 "guarantees federal habeas petitioners on death row the right to federally funded counsel." Ryan v. Gonzales, 133 S. Ct. 696, 702 (2013) (emphasis added). In this case, Gleason plainly and clearly elected not to pursue a federal habeas corpus petition.

to attorneys <u>appointed under this subsection</u> at a rate of not more than $125 per hour for in-court and out-of-court time . . . ."); <u>Rosenfield v. Wilkins</u>, 280 F. App'x 275, 277 n.1 (4th Cir. 2008) (noting that § 3599(g) "limits compensation to <u>appointed counsel</u> in capital cases").   Thus, there is no mistake or omission in the record that would permit the entry of an order appointing Sheldon nunc pro tunc.   Such an order would rewrite history and, thus, be in error.   See <u>Glynne</u>, 699 F.3d at 384 ("Because the doctrine of nunc pro tunc may only be employed to correct mistakes or omissions in the record so that the record properly reflects the events that actually took place, the district court's attempt to modify its earlier order for the first time under the guise of nunc pro tunc was error.").

For the reasons stated, Sheldon's motion to appoint counsel nunc pro tunc will be denied. The Clerk is directed to send certified copies of this order to all counsel of record.

ENTER: This _14th_ day of May, 2013.

_____
Chief United States District Judge